09-1449-cv
Atlantic Tropical Produce Corp. v. El Nene Meat & Food Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fifteenth day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,
DEBRA ANN LIVINGSTON,
<u>Circuit Judge</u>,
JED S. RAKOFF,[*]
<u>District Judge</u>.

_____

- - - - - - - - - - - - - - - - - - - -X

Atlantic Tropical Produce Corporation,

<u>Plaintiff-Appellee</u>,

Allstate Produce Corporation,

_____

[*] Jed S. Rakoff, Judge of the United States District Court for the Southern District of New York, sitting by designation.

                    **Plaintiff**,

                    **v.**                              09-1449-cv

**AFS Capital, LLC, AFS Service, LLC, Associated Food Stores, Inc., Associated Food Stores, LLC, Associated Group Grocers, Inc.,**

                    **Defendants-Appellants**,

**El Nene Meat & Food Corporation, Nelson Collado, Oscar Nunez, Gabriel Peralta,**

                    **Defendants.**[**]

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**        Paul T. Gentile, New York, NY.

**FOR APPELLEES:**        Mark C.H. Mandell, Annandale, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appeal from final judgment entered March 12, 2009 in the United States District Court for the Southern District of New York (Chin, J.).  Appellants were secured creditors

---

[**] We direct the Clerk of the Court to amend the official caption as noted.

of El Nene Meat & Food Corp. ("El Nene"), a food retailer, who foreclosed on El Nene's assets when the retailer became insolvent. Atlantic Tropical Produce Corp. ("Atlantic") supplied produce to El Nene and was owed payment by the retailer at the time Appellants foreclosed. Following a bench trial, Atlantic prevailed on its claim under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a et seq., and was awarded $188,810.05 plus interest and costs. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellants argue principally that the district court erred by charging them with the burden of proving that the assets they received in satisfaction of their secured claims were not trust property under 7 U.S.C. § 499e(c). We find no error. Third-party non-PACA creditors (such as Appellants) bear the burden of proving that assets received from PACA debtors are not trust property under 7 U.S.C. § 499e(c). A & J Produce v. Bronx Overall Econ. Dev. Corp., 542 F.3d 54, 58 (2d Cir. 2008) (per curiam) (charging a

-3-

third-party non-PACA creditor--the Bronx Overall Economic Development Corp.--with the burden of proving that assets it received from a PACA debtor were not PACA trust assets).

Appellants' brief also fairly raises a challenge to the district court's finding that the assets they received were in fact PACA trust property.  We review for clear error, Amalfitano v. Rosenberg, 533 F.3d 117, 123 (2d Cir. 2008), and find none.  There was testimony that El Nene's produce department was profitable at the time Appellants foreclosed. The PACA trust therefore held assets sufficient to satisfy Atlantic's claim.  See In re Kornblum & Co., Inc., 81 F.3d 280, 286 (2d Cir. 1996) (holding that all the PACA trust assets of a given PACA debtor are held in a single, undifferentiated pool available to satisfy all the PACA creditors of that PACA debtor).  Moreover, there was testimony that El Nene commingled PACA trust assets with non-trust assets, and Appellants offered little or no evidence that the assets they received were purchased with segregated non-trust assets--i.e., assets not part of the commingled pool.  Because Appellants bear the burden of

-4-

proof on this issue (as noted previously) the district court therefore fairly concluded that the assets they received were trust assets.

We have reviewed Appellants' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By: _____